The opinion of the Court was delivered by
Glover, J.
The declarations referred to in the first ground of appeal were the complaints of Cato of pain in his breast ■and head, made to witnesses for several years before his death. Such complaints have always been received as indications of the seat and nature of disease, and the objection to their admission is,fully met by the decisions of this Court in the cases of Graham & Reid, (10 Vol. MSS. 601, Nov. Term, 1858,) and Enicks vs. Stansell, (11 Vol. MSS. 49, May Term, 1855.) In the former case, the complaints of the slave of pain in his breast and back made to several persons for upwards of eight years, were admitted, and O’Neall, J., dismissing the appellant’s motion for a new trial on the same ground taken in this case, says, “ The declarations or rather complaints of the negro were received as the means of ascertaining the seat of the disease. They were in this point of view clearly admissible. In the case of Young vs. Gray, (Harp. 38,) it was so ruled; so too in Hunter vs. McClintock (Dud. 327.)”
*125 In Enicks vs. Stansell, tbe presiding Jndge bad refused to admit tbe complaints of tbe slave, because tbe attending physician, wbo was present, was permitted to give in evidence tbe symptoms and declarations. Withers, J., delivering tbe opinion of tbe Court and reversing tbe decision of tbe Circuit Judge, says, '‘It is a point in tbe law of evidence, which grows out of tbe first question, and that is referred to this Court. It is, whether an attending physician having been beard as to tbe symptoms of tbe disease which afflicted tbe negro and became tbe cause of her death, tbe patient’s declarations to another person, before tbe physician saw her, and very soon sifter tbe beating, in relation to her feelings (for she was pregnant and an abortion ensued), ought to have been received for tbe plaintiff.
“ Our cases do establish, that when a sick negro exhibits by complaints in words, or by actions, tbe nature, location or symptoms of a malady and tbe existence and effects of such malady are thereby detected and made known, through tbe medium of other testimony, such complaints or actions of a patient, though a slave, should be beard — availing nothing, however, if they do not serve to point out or throw light upon the existence, nature or effects of a malady — or upon the question in issue, whatever form it may assume. (Vide Gray ads. Young, Harper 38; McClintock ads. Hunter, Dudley 327.) Such evidence has been received in our Courts upon the grounds, that it was the drapery surrounding the truth— that it was part of the res gestee, — that it was of necessity receivable. This doctrine receives support from the case of Aveson vs. Lord Kinnaird and others, (6 East, 188); and from the text of Mr. Greenleaf, Yol. 1, on Ev. sec. 102, where this is said, ‘ So also the representation by a sick person, of the nature, symptoms and effects of a malady under*'which he is laboring at the time, are received as original evidence.’
“ Whether the declarations of the negro, offered and excluded .on circuit, were of the description which are held admissible *126 we do not know, for they were not specified. The exclusion was on tbe ground, that tbe symptoms, nature and effects of tbe malady which destroyed tbe negro, were disclosed by an attending physician: and this was supposed to supersede any disclosure of tbe seat of pain, nature of malady, and so forth, to be derived from indications arising from complaints made before tbe doctor saw tbe negro, and to one not a physician. If snob evidence be original, it does not become secondary because tbe channel of it is not a physician. In tbe same section Mr. Greenleaf says, ‘ If made to a medical attendant, they are of greater weight as evidence; but if made to any other person, they are not on that account rejected.’ And to such effect was tbe case above cited from 6 East. "We do not find any thing in our reports which confines the channel of such testimony to a physician. Nor is there any thing in principle that should have such effect. It may become necessary to correct the erroneous and wilfully false representations, the forgetfulness or inadvertence of a medical attendant. In many cases there may be no physician called. Not the grade but the weight of the evidence is affected by the source from which it may be derived. The evidence, of itself, is of no avail — it becomes so only when pointed, verified and applied by other proof.”
These cases fully sustain the decision on circuit admitting the complaints of the slave in evidence, and the jtiry has answered, by their verdict, the question submitted by the second ground of appeal.
It is also insisted, in support of the motion for a new trial, that no physician was called to treat the negro before his death. Both humanity and interest prompt the owners of ' slaves to provide medical aid for them in sickness, and we believe that this duty is seldom omitted. Where the disease, of which a slave dies, existed at the time of the purchase, the right to recover, for a failure of the consideration, is not defeated because a physician was not called to examine and *127 prescribe for Mm. Whether from such neglect, or from the injudicious application of remedies, a disease proves mortal which, otherwise, might have been under the control of medical treatment, is always entitled to great consideration. In this case Oato died within a few weeks after the sale, and there was no evidence, that the failure of Brooks to procure the attendance of a physician was from neglect, or that the symptoms had become so aggravated that a prudent and humane owner would not have omitted the discharge of a duty incumbent upon all. The examination after death, to ascertain the seat and nature of the disease was proper, and it was not indispensable that notice of that or of the unsoundness should have been given to the vendor.
On neither ground, therefore, can the plaintiff’s motion for a new trial be granted.
Motion dismissed.
O’Neall, Wardlaw, Withers, Whither, and Muhro, JJ., concurred.

Motion dismissed.